**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ELYSE O'CALLAGHAN LEWIS, on her own behalf and on behalf of other similarly situated person,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>Defendant. | Case No. 2:26-cv-2468<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>King County Superior Court, Case No. 26-2-18805-0 SEA |

TO: THE CLERK OF COURT

AND TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Lowe's Home Centers, LLC ("Lowe's") hereby removes the above-captioned case from the Superior Court of the State of Washington, King County, Case No. 26-2-18805-0 SEA (the "State Court Action") to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As grounds for removal, Lowe's respectfully states the following:

## I. INTRODUCTION

1. Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). The State Court Action is a civil action in which the alleged amount in controversy exceeds $5,000,000, exclusive of costs and interest; is alleged to include more than 100 members



BALLARD SPAHR LLP
71 STEVENSON STREET, SUITE 400
SAN FRANCISCO, CA 94105
TEL: 415.318.2770 FAX: 424.731.8301

in the proposed putative class; and is between citizens of different states.

## II. BACKGROUND

2. On June 10, 2026, Plaintiff Elyse O'Callaghan Lewis ("Plaintiff"), on behalf of herself and others similarly situated, filed the State Court Action in the Superior Court of the State of Washington for King County. Lowe's was served with the Complaint on June 11, 2026. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(b), a copy of the Complaint, a completed Civil Cover Sheet, and copies of all additional records and proceedings in the State Court Action, together with defense counsel's verification that they are true and complete copies of all the records and proceedings in the State Court Action, are filed contemporaneously with this Notice of Removal to Federal Court ("Notice of Removal").

3. Plaintiff contends that Lowe's violated the Commercial Electronic Mail Act, Ch. 19.190 RCW ("CEMA"), and the Washington Consumer Protection Act, Ch. 19.86 RCW ("CPA"), by sending emails with "misleading subject lines" that "encourage consumers to view e-mails and make purchasing decisions with a false sense of urgency." Compl. ¶ 4.6.

4. Nothing in this Notice of Removal should be interpreted as a concession or admission by Lowe's of any of Plaintiff's theories of liability, legal arguments, class allegations, or damages—all of which Lowe's expressly denies—or as a waiver of any of Lowe's rights or defenses. Lowe's reserves the right to supplement and amend this Notice of Removal.

## III. GROUNDS FOR REMOVAL

### A. *The Requirements for Removal Under CAFA*

5. Under CAFA, a federal district court has original jurisdiction over any putative class action in which (i) there are at least 100 members in the proposed putative class; (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

6. In *Dart Cherokee Basic Operating Co. v. Owens*, the United States Supreme Court clarified the standards for removal under CAFA in two key ways. First, the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading.



BALLARD SPAHR LLP
71 STEVENSON STREET, SUITE 400
SAN FRANCISCO, CA 94105
TEL: 415.318.2770 FAX: 424.731.8301

574 U.S. 81, 87 (2014). Second, the Supreme Court held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* at 89 (citation omitted).

7. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal*." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively"). Indeed, in *Bridewell-Sledge v. Blue Cross of California*, the Ninth Circuit held that the district court erred under *Dart Cherokee* "in its remand orders by applying a strong presumption against removal jurisdiction." 798 F.3d 923, 929 (9th Cir. 2015) (citation omitted).

**B. *The Requirements for Removal Under CAFA Are Satisfied***

8. This action meets each of CAFA's requirements, and it may therefore be removed to this Court. 28 U.S.C. § 1441(a) ("any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant").

**a. *This is Styled as a Class Action Complaint***

9. *Putative Class Action.* A lawsuit is a class action if it is filed "under rule 23 of the Federal Rules of Civil Procedure or similar State statute, or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint is styled as a "Class Action Complaint," and the State Court Action is brought under Washington Civil Rule 23, Compl. ¶ 5.2, which is modeled after Federal Rule 23. Plaintiff also seeks to act in a representative capacity on behalf of a class.

**b. *Minimum Diversity Exists***

10. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).



BALLARD SPAHR LLP
71 STEVENSON STREET, SUITE 400
SAN FRANCISCO, CA 94105
TEL: 415.318.2770 FAX: 424.731.8301

"[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

11. *Defendant's Citizenship*. Limited liability companies are "unincorporated associations" for purposes of CAFA. *See Goddard v. Jubilant Hollisterstier, LLC*, No. 2:23-CV-0004-TOR, 2023 WL 3020494, at *2 (E.D. Wash. Apr. 20, 2023) *citing Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (collecting cases). "[A]n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *Id.* When Plaintiff commenced the State Court Action, Lowe's was a limited liability company organized under the laws of North Carolina with its principal place of business located at 1000 Lowes Blvd., Mooresville, North Carolina 28117. Compl. ¶ 2.2. Lowe's is therefore a citizen of North Carolina.

12. *Plaintiff's Citizenship*. A person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff is a resident of King County, Washington. Compl. ¶ 2.2. Plaintiff also seeks to certify a proposed class of "[a]ll persons who received a commercial electronic mail message in the State of Washington that was transmitted by Lowe's Home Centers, LLC or someone acting on behalf of Lowe's Home Centers, LLC at any time within the period beginning four years prior to the date of this Complaint to the date of certification of the class." *Id.* ¶ 5.2.

13. Because Lowe's is a citizen of North Carolina, and Plaintiff and the putative class members are citizens of Washington, CAFA's diversity requirement is satisfied.

**c. *The Proposed Class Includes at Least 100 Members***

14. Plaintiff seeks to certify a proposed class of, "[a]ll persons who received a commercial electronic mail message in the State of Washington that was transmitted by Lowe's Home Centers, LLC or someone acting on behalf of Lowe's Home Centers, LLC at any time within the period beginning four years prior to the date of this Complaint to the date of certification of the class." *Id.* ¶ 5.2.



BALLARD SPAHR LLP
71 STEVENSON STREET, SUITE 400
SAN FRANCISCO, CA 94105
TEL: 415.318.2770 FAX: 424.731.8301

15. Plaintiff further alleges that "numerous consumers in Washington State are believed to be members of this class" so "joinder of so many class members into a single action is impracticable." *Id.* ¶ 5.4. Thus, the putative class, as defined by Plaintiff's Complaint, exceeds 100 members.

**d. *The Amount in Controversy Exceeds $5 Million***

16. The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra.*, 775 F.3d at 1195 ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart*, 574 U.S. at 89).

17. Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the Court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart*, 574 U.S. at 84); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172–173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class



BALLARD SPAHR LLP
71 STEVENSON STREET, SUITE 400
SAN FRANCISCO, CA 94105
TEL: 415.318.2770 FAX: 424.731.8301

action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

18. For the purposes of determining whether CAFA's amount-in-controversy requirement is met, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or a concession of liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In other words, the amount in controversy is the "amount at stake in the underlying litigation," *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016), where "'amount at stake' does not mean [defendants'] likely or probable liability," but rather their "*possible* liability," *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. July 14, 2020) (emphasis added). *See also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("the amount in controversy is not a prospective assessment of a defendant's liability," but rather the amount potentially "at stake"). Thus, where the complaint's allegations put punitive damages at play, "a defendant satisfies the amount-in-controversy requirement under CAFA if it is reasonably possible that it *may* be liable for the proffered punitive damages amount." *Greene*, 965 F.3d at 769 (emphasis added). The assessment of possible damages for purposes of removal "may require a chain of reasoning that includes assumptions," if they have "some reasonable ground underlying them." *Id.* at 772 (quoting *Ibarra*, 775 F.3d at 1197). There is no requirement that a defendant seeking removal under CAFA prove the amount in controversy "to a legal certainty." *Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 976–77 (9th Cir. 2013). Rather, the amount in controversy is subject to a "preponderance of the evidence" standard. *Id.*[1]

[1] The named plaintiff in a putative class action cannot stipulate, prior to certification, that the entire class will not seek aggregated recovery in excess of $5 million, because the named plaintiff cannot bind absent putative class members. *Rodriguez*, 728 F.3d at 978 (citing *Standard Fire*, 568 U.S. 588).



BALLARD SPAHR LLP
71 STEVENSON STREET, SUITE 400
SAN FRANCISCO, CA 94105
TEL: 415.318.2770 FAX: 424.731.8301

19. Again, Lowe's denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint and does not waive any defense with respect to any of Plaintiff's claims. Nevertheless, Lowe's has calculated the amount in controversy for purposes of this notice by taking Plaintiff's allegations in the Complaint at face value and aggregating claims of alleged individual class members under 28 U.S.C. § 1332(d)(6). Plaintiff's allegations place the amount in controversy on Plaintiff's action well above $5,000,000, exclusive of interest and costs.

20. Plaintiff seeks $500 in statutory damages per violation, which she claims means $500 per email, per recipient. Compl. ¶ 6.9; Prayer for Relief (B). Plaintiff further alleges that she received at least two violative commercial emails from Lowe's, *id.* ¶¶ 4.7-4.16, that other individuals residing in Washington received e-mails from Lowe's with misleading or false subject lines, *id.* at ¶ 4.16, and that the proposed class includes "[a]ll persons who received a commercial electronic email message in the State of Washington that was transmitted by Lowe's Home Centers, LLC at any time within the period beginning four years prior to the date of this Complaint to the date of certification of the class." *Id.* ¶ 5.2.

21. Plaintiff also seeks treble damages under the Washington Consumer Protection Act. *Id.* ¶ 6.11; *id.*, Prayer for Relief (D). The Consumer Protection Act allows for an increase in the award of damages up to three times the actual damages. RCW 19.86.090. Thus, she seeks $1,500 per allegedly violative email sent to every Washington recipient in the last four years.

22. Based on Plaintiff's allegations that the class is so "numerous," Compl. ¶ 5.4, and that damages are "trebled," *id.* ¶ 6.11, Prayer for Relief (D), the amount in controversy is easily satisfied. Indeed, Plaintiff seeks $500 in statutory damages per violation, which she claims means $500 per email, per recipient. Plaintiff alleges she received at least 2 emails within the last four years (2 emails x $1,500 damages/per email = $3,000). If only 5,000 individuals residing in Washington received the same two emails from Lowe's that Plaintiff alleges she received, the amount in controversy would be $15,000,000 (5,000 individuals x 2 emails x $1,500 = $15,000,000).



BALLARD SPAHR LLP
71 STEVENSON STREET, SUITE 400
SAN FRANCISCO, CA 94105
TEL: 415.318.2770 FAX: 424.731.8301

23. Lowe's Companies, Inc. reported more than $86 billion in fiscal year 2025 sales, that online sales represented 13% of its retail sales, and that Lowe's operates 35 stores in Washington state to support demand from its Washington customers. *See* Lowe's Press Release, "Lowe's Reports Fourth Quarter 2025 Sales and Earnings Results," dated February 25, 2026 and Lowe's Companies, Inc. 2025 Shareholder Report, p. 1. Given Lowe's Washington customer base and the multi-year class period alleged in the Complaint, it is reasonable to infer that at least 5,000 Washington recipients received two or more commercial emails during the proposed class period.Plaintiff also seeks attorneys' fees and costs. *Id.* ¶ 6.11; *id.*, Prayer for Relief (D). Attorneys' fees should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Lowe's denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25 percent of the common fund). Assuming the amount in controversy is $5 million, an award of 25 percent attorneys' fees based upon such amount would be an additional $1.25 million. This amount further increases the amount in controversy above CAFA's threshold.

24. Based on Plaintiff's factual allegations, and the damages, fees, and costs sought in her Complaint, Lowe's has shown by a preponderance of the evidence that the jurisdictional amount of $5 million is satisfied. *Rodriguez*, 728 F.3d at 976–77.

## IV. NO CAFA EXCEPTIONS APPLY

25. The State Court Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

## V. ALL OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

26. *Signature*. This Notice is signed as required by Rule 11. *See* 28 U.S.C. § 1446(a).

27. *Venue*. Venue is proper in this district and division because King County Superior



BALLARD SPAHR LLP
71 STEVENSON STREET, SUITE 400
SAN FRANCISCO, CA 94105
TEL: 415.318.2770 FAX: 424.731.8301

Court is located within the federal Western District of Washington, and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

28. *Timely*. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which service was effectuated—namely, June 11, 2026. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding thirty-day removal deadline is triggered by actual service of the complaint).

29. *Notice*. Further, notice of this removal will be filed with the Clerk of the King County Superior Court and will be given to all parties in accordance with 28 U.S.C. § 1446(a). As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court," and Plaintiff has been served with all filings.

## VI. CONCLUSION

30. Defendant Lowe's requests that the State Court Action now pending against it in the Superior Court of Washington, King County, be removed to this Court.

DATED: July 13, 2026

BALLARD SPAHR LLP

By: *s/ Meegan B. Brooks*
Meegan B. Brooks, WSBA No. 62516
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone: 415.318.2770
brooksm@ballardspahr.com

*Attorney for Defendant*
*Lowe's Home Centers, LLC*